IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**COREE McGAUGH**                                                                                          **PLAINTIFF**

v.                              No: 4:20-cv-01050-LPR-PSH

**BILL GILKY**                                                                                              **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Coree McGaugh, who is incarcerated at the Yell County Detention Center ("YCDC") as a pre-trial detainee, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 along with several other plaintiffs (Doc. No. 1-1). In its Initial Order for *Pro Se* Plaintiffs (Doc. No. 2), the Court informed McGaugh that a separate case had been initiated on behalf of each plaintiff, and that he may not assert claims on

behalf of his fellow inmates. McGaugh subsequently filed an application to proceed *in forma pauperis* ("IFP") which the Court granted. Doc. Nos. 3 & 5. The Court also directed McGaugh to file an amended complaint clarifying his claims, and he was specifically instructed to explain how his case differed from a case he previously filed: *McGaugh v. Gilkey*, Case No. 4:20-cv-000753-LPR-PSH.[1] Doc. No. 5. McGaugh has not filed an amended complaint in this case, and the time to do has passed. Accordingly, the undersigned has reviewed McGaugh's original complaint for screening purposes, finds that McGaugh fails to describe facts sufficient to state a claim for relief, and recommends dismissal of his complaint.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See*

---

[1] Although there is some overlap in the allegations of both cases, this case was filed on August 25, 2020, after service was directed on McGaugh's second amended complaint on July 28, 2020 in Case No. 4:20-cv-000753-LPR-PSH. It does not appear that this case was meant to be an amended complaint in the earlier case or is a duplicate of that case.

Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983.

> McGaugh's complaint against Sheriff Bill Gilky alleges:
>
> (1) No nurse on call or duty (2) No one certified to hand out medicine during med call (3) no [dietician] here certified (4) no [tuberculosis] lights still (5) medical [negligence] (6) mental abuse (7) Doctor is very unprofessional – question his ability and certification – doctor unknown prescribing mental meds without mental evaluation of any sort no [dietician] to evaluate our 2200 diet calorie diet ? especially when diabetics are in this facility eating exact same thing. 19 year old kids handing out meds – non trained nor certified. Still no nurse to check inmates upon arrival and hand our meds to us.

Doc. No. 1-1 at 5. The Court construes McGaugh's complaint as raising conditions-of-confinement claims under the Due Process Clause of the Fourteenth Amendment

applicable to pre-trial detainees.² *See Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 907 (8th Cir. 2020).

Even when applying a liberal construction, the Court finds that McGaugh's allegations are too conclusory to state a claim for relief. First and foremost, McGaugh does not allege that the conditions about which he complains apply to him or affect him. For example, he claims mental abuse, but does not state that **he** has been mentally abused. He claims medical negligence, but does not states that **he** has received poor medical care.

Additionally, even if the Court construes McGaugh's complaints as applying to him, he still fails to state a claim. For example, under such a construction, he generally alleges that he is provided inadequate medical and mental health care but provides no specific allegations regarding his medical or mental health needs or how they were treated or not treated.³ He alleges mental abuse but does not describe how,

---

² To determine whether a pretrial detainee's conditions of confinement constitute "punishment," a plaintiff may show that such conditions are "intentionally punitive" or, in the absence of an "expressly demonstrated intent to punish, the plaintiff could also show that the conditions were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose." *Stearns*, 957 F.3d at 907 (citing *Bell v. Wolfish*, 441 U.S. 520, 536-39 (1979)). If the conditions are found to be arbitrary or excessive, it may be " 'infer[red] that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees.' " *Id.* (citing *Bell*, 441 U.S. at 539).

³ The Court notes that McGaugh filed another case concerning his medical treatment at the YCDC, where he made more specific allegations regarding his medical care and also alleged there was no tuberculosis (TB) lights and testing at the YCDC. *See McGaugh v. Gilkey*, Case No. 4:20-cv-000753-LPR-PSH. That case remains pending.

when, or by whom he is being mentally abused. He also alleges that untrained individuals are handing out medicine, but he does not allege that he received the wrong medication, has missed medication, or has otherwise suffered any harm as a result.[4]

McGaugh also alleges that YCDC has no trained dietician on staff to ensure that inmates receive an appropriate diet. However, he does not claim that he has been denied food, that the diet provided fails to provide sufficient calories or nutrition, or that he has suffered any injury as a result of the jail's diet. He merely speculates that the diet may not be adequate without a trained dietician on staff.

Finally, McGaugh claims that the doctor at YCDC is "very unprofessional." He fails, however, to provide any facts to support this allegation. In addition, unprofessional behavior, verbal harassment, or abusive language generally are not sufficient to state a § 1983 claim. See *Williams v. Boyd*, 2009 WL 2136274 (E.D. Ark. July 13, 2009).

### III. Conclusion

For the reasons stated herein, it is recommended that:

---

[4] Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (citing *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978)). *See also* 42 U.S.C. § 1997e(e) (requiring a prisoner to show an actual physical injury as opposed to mental or emotional injury to sustain a claim for compensatory damages).

1. McGaugh's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 25th day of March, 2021.

_____
UNITED STATES MAGISTRATE JUDGE